UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Amy Tafoya, *on behalf of herself and others similarly situated*,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BMG Loansatwork, Inc.,<br><br>　　　　Defendant. | Case No:<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**Nature of this Action**

1.　　Amy Tafoya ("Plaintiff") brings this class action against BMG Loansatwork, Inc. ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.　　Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls placed to telephone numbers assigned to a cellular telephone service, without prior express consent.

**Jurisdiction and Venue**

3.　　This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4.　　Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

5.　　In particular, the subject prerecorded voice messages were directed to Plaintiff's cellular telephone in this district, and Plaintiff received the subject prerecorded voice messages in this district.

1

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Houston, Texas.

7. Defendant is an entity with principal offices in Miami, Florida offering loan products throughout the country.[1]

## Factual Allegations

8. Plaintiff is, and has been since August 2022, the subscriber to, and regular and sole user of, her cellular telephone number—(XXX) XXX-6043.

9. Defendant delivered, or caused to be delivered, numerous text messages and artificial or prerecorded voice messages to telephone number (XXX) XXX-6043.

10. For example, on or about December 29, 2023, Defendant delivered a text message to telephone number (XXX) XXX-6043 from short code 26466, stating:

> BMGMoney NoReply: We were unsuccessful in collecting your split direct deposit payment and were also unsuccessful in collecting your payment through debit card on December 29, 2023. Failure to make your scheduled loan payments will result in a delinquent loan and may negatively impact your credit history. Please set up your split-direct deposit as your primary payment method. Please call us immediately at 800-316-8507.

11. On or about February 29, 2024, Defendant delivered another text message to telephone number (XXX) XXX-6043 from short code 26466:

> BMGMoney NoReply: We were unsuccessful in collecting your split direct deposit payment through debit card on February 29, 2024. Failure to make your scheduled loan payments will result in a delinquent loan and may negatively impact your credit history. Please set up your split-direct deposit as your primary payment method. Please call us immediately at 800-316-8507.

12. When dialed, telephone number (800) 316-8507 connects to Defendant and plays the following greeting: "Thank you for calling BMG Money. Your call is very important to us."

---

[1] *See* https://www.bmgmoney.com/ (last visited June 25, 2025).

13. On or about July 17, 2024, Defendant delivered another text message to telephone number (XXX) XXX-6043, this time from (239) 880-8414:

> BMG: Hello Christopher, this is a friendly reminder, that your scheduled payment is past due. Please be mindful that missed payments are reported monthly to credit bureaus which could negatively affect your credit rating. If you recently had a Break in Service, please reinstate your Allotment. Please contact us at <u>866 299 0211</u>, for further assistance.

14. When dialed, telephone number (239) 880-8414 connects to Defendant and plays the following greeting: "Thank you for calling BMG Money. Your call is very important to us."

15. As well, when dialed, telephone number (866) 299-0211 connects to Defendant and plays the same greeting: "Thank you for calling BMG Money. Your call is very important to us."

16. On or about October 9, 2024, Defendant placed or caused to be placed a call to telephone number (XXX) XXX-6043.

17. Defendant delivered or caused to be delivered an artificial or prerecorded voice message to telephone number (XXX) XXX-6043 on October 9, 2024.

18. In connection with this October 9 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6043 an artificial or prerecorded voice message from telephone number (325) 298-2335, stating:

> Hello, Christopher. This is a friendly reminder from BMG Money that your scheduled payment is past due. Please be mindful that missed payments are reported monthly to credit bureaus, which could negatively affect your credit rating. If you recently had a break in service, please reinstate your allotment. Please contact us at 866-299-0211 for further assistance.

19. Plaintiff received and listened to this October 9 artificial or prerecorded voice message.

20. The tone and speech pattern of this October 9 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

21. When dialed, telephone number (325) 298-2335 connects to Defendant and plays the following greeting: "Thank you for calling BMG Money. Your call is very important to us."

22. Moreover, when dialed, telephone number (866) 299-0211 connects to Defendant and plays the same greeting: "Thank you for calling BMG Money. Your call is very important to us."

23. On or about October 16, 2024, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6043.

24. In connection with this October 16 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6043 an artificial or prerecorded voice message from telephone number (325) 298-2335.

25. The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6043 on October 16, 2024 is substantively identical to the message it delivered or caused to be delivered on October 9, 2024.

26. Plaintiff received and listened to this October 16 artificial or prerecorded voice message.

27. The tone and speech pattern of this October 16 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

28. On or about November 6, 2024, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6043.

29. In connection with this November 6 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6043 an artificial or prerecorded voice message from telephone number (325) 298-2335.

30. The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6043 on November 6, 2024 is substantively identical to the message it delivered or caused to be delivered on October 9, 2024.

31. Plaintiff received and listened to this November 6 artificial or prerecorded voice message.

32. The tone and speech pattern of this November 6 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

33. On or about November 20, 2024, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6043.

34. In connection with this November 20 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6043 an artificial or prerecorded voice message from telephone number (325) 298-2335.

35. The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6043 on November 20, 2024 is substantively identical to the message it delivered or caused to be delivered on October 9, 2024.

36. Plaintiff received and listened to this November 20 artificial or prerecorded voice message.

37. The tone and speech pattern of this November 20 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

38. On or about November 27, 2024, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6043.

39. In connection with this November 27 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6043 an artificial or prerecorded voice message from telephone number (325) 298-2335.

40. The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6043 on November 27, 2024 is substantively identical to the message it delivered or caused to be delivered on October 9, 2024.

41. Plaintiff received and listened to this November 27 artificial or prerecorded voice message.

42. The tone and speech pattern of this November 27 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

43. On or about December 4, 2024, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6043.

44. In connection with this December 4 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6043 an artificial or prerecorded voice message from telephone number (325) 298-2335.

45. The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6043 on December 4, 2024 is substantively identical to the message it delivered or caused to be delivered on October 9, 2024.

46. Plaintiff received and listened to this December 4 artificial or prerecorded voice message.

47. The tone and speech pattern of this December 4 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

48. On or about January 1, 2025, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6043.

49. In connection with this January 1 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6043 an artificial or prerecorded voice message from telephone number (325) 298-2335.

50. The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6043 on January 1, 2025 is substantively identical to the message it delivered or caused to be delivered on October 9, 2024.

51. Plaintiff received and listened to this January 1 artificial or prerecorded voice message.

52. The tone and speech pattern of this January 1 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

53. Defendant placed or caused to be placed additional calls to telephone number (XXX) XXX-6043, including on May 15, 2025, May 16, 2025, May 29, 2025, and June 11, 2025.

54. Plaintiff does not owe, and never did owe, a debt to Defendant.

55. Plaintiff does not have, and never did have, any business relationship with Defendant.

56. Plaintiff did not provide telephone number (XXX) XXX-6043 to Defendant.

57. Defendant did not obtain telephone number (XXX) XXX-6043 from Plaintiff.

58. Plaintiff did not give Defendant prior express consent to place calls to telephone number (XXX) XXX-6043 using an artificial or prerecorded voice.

59. Defendant did not obtain from Plaintiff prior express consent to place calls to telephone number (XXX) XXX-6043 using an artificial or prerecorded voice.

7

60. Plaintiff informed Defendant that it was calling the wrong telephone number in placing or causing to be placed calls to telephone number (XXX) XXX-6043.

61. The subject artificial or prerecorded voice messages Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6043 were intended for someone other than, and unknown to, Plaintiff.

62. Specifically, Defendant placed or caused to be placed calls to telephone number (XXX) XXX-6043 intending to reach someone named Christopher, who is unknown to Plaintiff.

63. Defendant placed the subject calls to telephone number (XXX) XXX-6043 voluntarily.

64. Defendant placed the subject calls to telephone number (XXX) XXX-6043 under its own free will.

65. Defendant had knowledge it was using an artificial or prerecorded voice in connection with the subject calls to telephone number (XXX) XXX-6043.

66. Defendant's records will identify each call it placed or caused to be placed to telephone number (XXX) XXX-6043.

67. Defendant's records will identify each artificial or prerecorded voice message it delivered or caused to be delivered to telephone number (XXX) XXX-6043.

68. Plaintiff suffered actual harm as a result of the prerecorded voice messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

69. Plaintiff found Defendant's numerous artificial or prerecorded voice messages to be irritating and invasive.

70. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses or causes to be used an artificial or prerecorded voice in connection with calls it

places or causes to be placed to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

71. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom BMG Loansatwork, Inc. placed, or caused to be placed, a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a BMG Loansatwork, Inc. accountholder, (3) in connection with which BMG Loansatwork, Inc. used, or caused to be used, an artificial or prerecorded voice, (4) from four years prior to the filing of this class action complaint through the date of class certification.

72. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

73. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

74. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

75. The class is ascertainable because it is defined by reference to objective criteria.

76. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

77. Plaintiff's claims are typical of the claims of the members of the class.

78. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used, or caused to be used, an artificial or prerecorded voice.

9

79. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

80. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

81. Plaintiff suffered the same injuries as the members of the class.

82. Plaintiff will fairly and adequately protect the interests of the members of the class.

83. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

84. Plaintiff will vigorously pursue the claims of the members of the class.

85. Plaintiff has retained counsel experienced and competent in class action litigation.

86. Plaintiff's counsel will vigorously pursue this matter.

87. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

88. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

89. Among the issues of law and fact common to all members of the class:

    a. Defendant's conduct, pattern, and practice as it pertains to placing or causing to be placed calls in connection with which it uses, or causes to be used, an artificial or prerecorded voice;

    b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers; and

    c. The availability of statutory penalties.

90. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

91. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

92. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

93. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

94. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

95. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

96. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

97. There will be no extraordinary difficulty in the management of this action as a class action.

98. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

99. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 98.

100. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using or causing to be used an artificial or prerecorded voice in connection with calls it placed or caused to be placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

101. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) by using or causing to be used an artificial or prerecorded voice in connection with calls it placed or caused to be placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

102. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone

numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: June 25, 2025

/s/ *Aaron D. Radbil*
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
5550 Glades Road
Boca Raton, Florida 33431
(561) 826-5477
aradbil@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*